UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY W. FARNAM | : | |
| PLAINTIFF | : | CIVIL NO. 3:13-CV-01693 |
| | : | |
| v. | : | |
| | : | |
| WILLIAM D. FARNAM, | : | |
| THE MADISON BEACH CLUB, INC; and | : | |
| CARGILL THEATRICAL PRODUCTIONS/ | : | |
| CARGILL PRODUCTIONS | : | NOVEMBER 14, 2013 |
| DEFENDANTS | : | |

## NOTICE OF REMOVAL OF CIVIL ACTION, INCLUDING COMPLIANCE WITH LOCAL STANDING ORDER/NOTICE TO COUNSEL FOR CASES REMOVED FROM SUPERIOR COURT (REV. 7/9/13)

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The defendant, The Madison Beach Club, Inc. respectfully states:

1.   By Summons and Complaint, plaintiff commenced a civil action against these defendants in the Superior Court for the Judicial District of New London, in the State of Connecticut, which is entitled Henry W. Farnum v. William D. Farnum, et al., return date November 19, 2013, docket number KNL-CV-13-6019288 S.

2.   As required by 28 U.S.C. §1446(a), this defendant appends copies of all process, pleadings and orders in this action as <u>Exhibit A</u>, as follows:

<u>A-1</u>.  Summons dated October 8, 2013.

<u>A-2</u>.  Complaint dated October 8, 2013.

<u>A-3</u>.  Statement of Amount in Demand dated October 8, 2013.

<u>A-4</u>.  Marshal's Return of Service dated October 18, 2013.

3.   Plaintiff endeavored to commence this action against The Madison Beach Club, Inc. by having State Marshal Mark White leave a copy of the Summons and Complaint at the usual place of abode of its alleged Secretary, Jeffrey Swiggett, 14 Frank's Way, Madison, Connecticut on October 18, 2013.  Further, on November 7, 2013 State Marshal White mailed another copy of the Summons and Complaint, certified mail, return receipt requested, to "The Madison Beach Club, Inc., c/o 'The Secretary', P.O. Box 686, Madison, Connecticut."  (See Return of Service, <u>Exhibit A-4</u>.)

4.   In accordance with 28 U.S.C. §1446(b), the defendant The Madison Beach Club, Inc. timely files this Notice of Removal within thirty days after its receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".

5.   As is more specifically described in Exhibit A hereto, which is hereby incorporated as if fully set forth herein, this Court has original jurisdiction over this civil action pursuant to the provisions of 28 U.S.C. §1332(a) inasmuch as the matter in controversy potentially exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6.   At this juncture, there are four parties to plaintiff's lawsuit. Per plaintiff's Summons (Exhibit A-1) and Return (Exhibit A-4), their residency and citizenship is as follows:

- Plaintiff: **Henry W. Farnam** - New York, New York;

- Defendant 1: **William D. Farnam** – Falls Church, Pennsylvania;

- Defendant 2: **The Madison Beach Club, Inc.** – Madison, Connecticut; and

- Defendant 3: **Cargill Theatrical Productions / Cargill Corporation** – Pipersville, Pennsylvania

7.   This defendant has filed in the New London Superior Court, and served upon plaintiff's counsel and the codefendants, its Notice of Filing of Removal to Federal Court dated November 14, 2013.  (Copy appended hereto as Exhibit B.)

8.   As of the filing of this Notice of Removal, the two co-defendants William D. Farnam and Cargill Theatrical Productions/Cargill Corporation, have not filed their Appearances in the state court action, Henry W. Farnum v. William D. Farnum, et al., docket number KNL-CV-13-6019288 S which plaintiff returned to (filed with) in the New London Superior Court on November 12, 2013 (see attached Connecticut Judicial Website print-out for docket number KNL-CV-13-6019288 S, appended hereto as Exhibit C.)

9.   Upon information and belief (founded primarily upon the co-defendants' lack of appearances), they have not been properly served with the state court action, so their consent to removal can neither be obtained at this juncture, nor is it required pursuant to 28 U.S.C. §1446(b).

4

10.   The Local Standing Order Order/Notice to Counsel for Cases Removed from Superior Court (Rev. 7/9/13) is appended hereto as Exhibit D.

11.   This defendant has served upon the two co-defendants to this action, William D. Farnam and Cargill Theatrical Productions/Cargill Corporation, copies of this Notice of Removal and Exhibits A-D hereto by U.S. Mail, postage prepaid at their last known addresses as listed the Summons (Exhibit A-1).

WHEREFORE, the defendant, The Madison Beach Club, Inc., prays that the above action, now pending in the Superior Court, State of Connecticut, in the judicial district of New London, be removed to this Court.

THE DEFENDANT,
THE MADISON BEACH CLUB, INC.

BY MILANO & WANAT LLC

By    ___/s/  CT #17513_____
      Gary C. Kaisen, Esquire
      Milano & Wanat LLC
      471 East Main Street
      Branford, Connecticut 06405
      (203) 315-7000 - phone
      (203) 315-7007 - fax
      gkaisen@mwllc.com

# EXHIBIT A

**EXHIBIT A-1**

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | |
|---|---|
| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. |
| ☒ | "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. |
| ☐ | "X" if claiming other relief in addition to or in lieu of money or damages. |

Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350)
**70 Huntington Street, New London, CT  06320**

Telephone number of clerk (with area code)
( **860** ) **443-5363**

Return Date (Must be a Tuesday)
**November**   **19** , **2013**
Month   Day   Year

☒ Judicial District   ☐ Housing Session   G.A. Number:

At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)
**New London**

Case type code (See list on page 2)
Major: **T**   Minor: **90**

**For the Plaintiff(s) please enter the appearance of:**

Name and address of attorney, law firm or plaintiff if self-represented  (Number, street, town and zip code)
**Hall Johnson, LLC  PO Box 1774, Pawcatuck, CT  06379**

Juris number (to be entered by attorney)
**426890**

Telephone number (with area code)
( **860** ) **599-4400**

Signature of Plaintiff (if self-represented)

Number of Plaintiffs: **1**   Number of Defendants: **3**   ☐ Form JD-CV-2 attached for additional parties

| Parties | | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|---|
| First Plaintiff | Name: | Farnam, Henry W. | P-01 |
| | Address: | 1 River Place, #2804, New York, NY  10036 | |
| Additional Plaintiff | Name: | | P-02 |
| | Address: | | |
| First Defendant | Name: | Farnam, William D. | D-01 |
| | Address: | 2830 Little Falls Place, Falls Church, VA  22042 | |
| Additional Defendant | Name: | The Madison Beach Club, Inc.  c/o Agent for Service:  Lyman H Steele | D-02 |
| | Address: | Boston Post Road, Madison, CT  06443 | |
| Additional Defendant | Name: | Cargill Theatrical Productions | D-03 |
| | Address: | 5916 Wismer Road, Pipersville, PA  18947 | |
| Additional Defendant | Name: | | D-04 |
| | Address: | | |

**Notice to Each Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left  James A. Hall, IV | Date signed  10/8/2013 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | A TRUE COPY ATTEST [stamp] |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**Catherine E. Graney  PO Box 1774, Pawcatuck, CT  06379**

| Signed (Official taking recognizance, "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date  10/8/2013 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

EXHIBIT A-2

RETURN DATE:  NOVEMBER 19, 2013       SUPERIOR COURT

HENRY FARNAM       J.D. OF NEW LONDON

V.       AT NEW LONDON

WILLIAM D. FARNAM;
MADISON BEACH CLUB;
CARGILL CORPORATION       OCTOBER 8, 2013

**COMPLAINT**

**FIRST COUNT:**     **(Sexual Assault and Battery as to William Farnam)**

1.     WILLIAM D. FARNAM (hereinafter referred to as the "Defendant") was the uncle of the Plaintiff HENRY FARNAM.

2.     Between approximately November of 1977 and September of 1982, the Defendant was entrusted with the periodic care of his minor nephew, HENRY FARNAM, and did in fact have overnight visits at the family homes in New Haven and Madison, Connecticut during holidays. Defendant would also visit the Plaintiff while at the Madison Beach Club in Madison, Connecticut during the summers.  The Defendant was also entrusted with the care of the Plaintiff during a trip to the Washington, DC/Virginia area in the Spring of 1982.

3.     During the aforementioned times, and at these listed locations, the Defendant did repeatedly engage in abusive and corruptive sexual acts with the minor Plaintiff, including but not limited to repeatedly forcing the minor Plaintiff to engage in oral sex, inappropriately

fondling the Plaintiff, attempting and engaging in sodomy with the then minor Plaintiff, causing the injuries and damages hereinafter set forth.

4.      At the time of these events, William D. Farnam was a Virginia resident, frequenting Connecticut for extended, periodic visits.

5.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant in that he:

a.      per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

b.      per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

c.      sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

d.      failed to supervise the Plaintiff when he was entrusted to do so;

e.      breached his fiduciary duty to care for the Plaintiff;

f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff; and

g.      negligently contributed to the Plaintiff's delinquency.

EXHIBIT A-2

6.     As a result of the Defendant's actions, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality,  control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.     As a further direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.     As a further direct and proximate result of the Defendant's actions, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.     As a further direct and proximate result of the Defendant's actions, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

EXHIBIT A-2

**SECOND COUNT:   (NEGLIGENCE as to William D. Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Second Count, as if more fully set forth herein.

5.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Defendant, William D. Farnam, in that he negligently caused sexual injury to the Plaintiff while he was a minor child when he had a duty not to do so.

6.      As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality,   control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**THIRD COUNT:**      **(Negligent Corruption of a Minor as to William D. Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Third Count, as if more fully set forth herein.

5.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant, William D. Farnam, in that he negligently exposed and subjected the Plaintiff to lewd sexual acts while he was a minor child.

6.      As a result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and

psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.    As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.    As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.    As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.    In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FOURTH COUNT:  (Intentional Infliction of Emotional Distress as to William D. Farnam)**

1.    Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Fourth Count, as if more fully set forth herein.

5.      The Defendant, William D. Farnam, intended to cause emotional distress, or knew or should have known that emotional distress was the likely result of his sexually molesting the Plaintiff.

6.      The Defendant, William D. Farnam's conduct in repeatedly molesting the Plaintiff was extreme and outrageous and resulted in severe emotional distress.

7.      The Defendant, William D. Farnam's conduct was the cause of the Plaintiff's distress.

8.      As a direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

9.      As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

10.     As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

11.     As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

12.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FIFTH COUNT:**     **(Negligent Infliction of Emotional Distress as to William Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Fifth Count, as if more fully set forth herein.

5.     The conduct of the Defendant, William D. Farnam, created an unreasonable risk of causing the Plaintiff emotional distress in that he knew or should have known his acts of sexual molestation created an unreasonable risk of causing the Plaintiff emotional distress.

6.     Such a risk of emotional distress to the Plaintiff was or should have been plainly foreseeable to the Defendant and the Defendant should have realized that the emotional distress was severe enough that it would likely result in physical illness or psychological/bodily harm to the Plaintiff.

7.     The molestation by the Defendant and the ongoing nature of the molestation that was ignored by the Defendant was the cause of Plaintiff's distress as further described within this count.

8.     As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

9.     As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**SIXTH COUNT:**     **(False Imprisonment as to William Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Sixth Count, as if more fully set forth herein.

5.     The conduct of the Defendant, William D. Farnam, did detain the Plaintiff against his will in such circumstance that he could not have legally consented to the same thereby falsely imprisoning him.

6.     As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self esteem issues, frustration, fear, psychological and

psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

7.      As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**SEVENTH COUNT:**          **(NEGLIGENCE as to MADISON BEACH CLUB)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Seventh Count, as if more fully set forth herein.

5.      At all times herein mentioned the Madison Beach Club was a licensed corporation doing business in Connecticut.

6.      Madison Beach Club employed counselors, camp/club directors for the summer beach season programs held at the Club. These counselors, camp/club directors were employees, agents, or assigns of the Madison Beach Club and provided adult supervision to minors attending the Madison Beach Club and its summer programs.

7.      During the summers between approximately 1978 and 1982 the Madison Beach Club was entrusted with the periodic care of  the Plaintiff who did in fact have overnight visits at the Madison Beach Club.

**EXHIBIT A-2**

8.      During these stays at the Madison Beach Club, the Plaintiff was sexually assaulted by the camp director. The camp director did penetrate the Plaintiff's anus with his penis and was forced to perform oral sex upon the director. Sexual activity among the counselors and campers was prolific and for a time the counselors were fired because of the activity.

9.      The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Madison Beach Club through their employees, agents or assigns in that they:

      a.      per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

      b.      per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

      c.      sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

      d.      failed to supervise the Plaintiff when they were entrusted to do so;

      e.      breached their fiduciary duty to care for the Plaintiff;

      f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

      g.      negligently contributed to the Plaintiff's delinquency;

EXHIBIT A-2

h.      failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harms way;

i.      failed to adequately supervise their employees agents or assigns; and

j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10.     As a result of the negligence of the defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**EIGHTH COUNT:   (NEGLIGENCE as to CARGILL CORPORATION)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Eighth Count, as if more fully set forth herein.

5.     At all times herein mentioned the Cargill Corporation was a corporation  duly licensed in Pennsylvania and doing business in Connecticut.

6.     Cargill Corporation employed program directors for theatrical summer programs held at the Madison Beach Club. These program directors were employees, agents, or assigns of Cargill Corporation and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer.

7.     During the summers between approximately 1978 and 1982 the Cargill Corporation was entrusted with the periodic care of  the Plaintiff who did in fact have overnight visits at the Madison Beach Club.

**EXHIBIT A-2**

8.    During these stays at the Madison Beach Club, the Plaintiff was sexually assaulted by the employees, agents or assigns of Cargill Corporation.

9.    The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Cargill Corporation through their employees, agents or assigns in that they:

   a.    per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

   b.    per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;.

   c.    sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

   d.    failed to supervise the Plaintiff when they were entrusted to do so;

   e.    breached their fiduciary duty to care for the Plaintiff;

   f.    placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

   g.    negligently contributed to the Plaintiff's delinquency;

   h.    failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harms way;

   i.    failed to adequately supervise their employees agents or assigns; and

    j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10.    As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

EXHIBIT A-3

| | |
|---|---|
| **RETURN DATE:  NOVEMBER 19, 2013** | **SUPERIOR COURT** |
| **HENRY FARNAM** | **J.D. OF NEW LONDON** |
| **V.** | **AT NEW LONDON** |
| **WILLIAM D. FARNAM**<br>**MADISON BEACH CLUB;**<br>**CARGILL CORPORATION** | **OCTOBER 8, 2013** |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is $15,000.00 or more exclusive of interest and costs.

THE PLAINTIFF
HENRY FARNAM

By
James A. Hall IV
Hall Johnson LLC
PO Box 1774
Pawcatuck, CT 06379
(860)599-4400
Juris No. 426890

**EXHIBIT A-4**

OFFICER'S RETURN

STATE OF CONNECTICUT )
                    ) SS: **Madison**               **October 18, 2013**
COUNTY OF NEW HAVEN )

Then and there by virtue hereof, of this original Writ, Summon and Complaint,
I served the within named defendant, **The Madison Beach Club, Inc.,** by leaving at the
usual place of abode of said defendant's Corporate Secretary, Jeffrey Swiggett,
14 Frank's Way, Madison, a true and attested copy hereof, with my endorsement thereon.

And afterwards, on the 7th day of November, 2013, in the Town of Branford, I served the
within named non-resident defendant, **Farnam, William D.** by depositing at the post
office, post paid, certified mail, return receipt requested, letter addressed:
Secretary of State of Connecticut, 30 Trinity Street, Hartford, CT; Agent for Service for
said non-resident defendant, a true and attested copy hereof, with my endorsement
thereon and paid the legal fees of $50.00.
**Service being made pursuant to Connecticut General Statutes 52-59b.**

And afterwards, on the 7th day of November, 2013, in the Town of Branford, I completed
service on the within named non-resident defendant, by depositing in the post office,
postage paid, certified mail, return receipt requested, letter addressed:

Farnam, William D., 2830 Little Falls Place, Falls Church, VA; pursuant to 52-59b.
Said letter contained a true and attested copy hereof, with my endorsement thereon.

And having made diligent search throughout my precincts to locate the Agent for Service
for The Madison Beach Club, Inc., but was unable to find one; I served the within named
said defendant, by depositing at the post office a letter, certified mail, return receipt
requested, letter addressed: The Madison Beach Club, Inc., c/o "The Secretary",
P.O. Box 686, Madison, CT. Said letter contained a true and attested copy hereof,
with my endorsement thereon; pursuant to C.G.S. 33-663; and then I served the within
named defendant, **Cargill Theatrical Productions,** by depositing at the post office,
a letter, certified mail, return receipt requested, letter addressed:
Cargill Theatrical Production, c/o "The Secretary", 5916 Wismer Road, Pipersville, PA.
Said letter contained a true and attested copy hereof, with my endorsement thereon;
pursuant to C.G.S. 33-929.

The within and foregoing is the original Writ, Summons and Complaint, with my doings
thereon endorsed.

                         ATTEST

                         ————————————————
                         MARK J. WHITE, STATE MARSHAL
                         NEW HAVEN COUNTY

**EXHIBIT A-4**

FEES:
Travel  $ 28.00  Service    120.00
Verified
Pages      72.00  Endorse      6.40
S. State   50.00  Postage    27.25
*Total $ 306.65*

# EXHIBIT B

EXHIBIT B

DOCKET NUMBER KNL-CV-13-6019288 S

| | | |
|---|---|---|
| HENRY FARNAM | : | SUPERIOR COURT |
| | : | |
| v. | : | JUDICIAL DISTRICT OF |
| | : | NEW LONDON AT NEW LONDON |
| | : | |
| WILLIAM FARNAM, ET AL. | : | NOVEMBER 14, 2013 |

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF CONNECTICUT; AND TO ALL PARTIES TO THE ABOVE ACTION:

PLEASE TAKE NOTICE that the defendant, The Madison Beach Club, Inc, filed a Petition for Removal of this action in the United States District Court for the District of Connecticut on November 13, 2013, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446.

This petition is filed and served pursuant to 28 U.S.C. § 1446.

THE DEFENDANT,
THE MADISON BEACH CLUB, INC.

BY MILANO & WANAT LLC

By ___/s/ 411825_____
Gary C. Kaisen, Esquire
Federal Bar # CT17513
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
(203) 315-7000 – phone
(203) 315-7007 – fax
gkaisen@mwllc.com

EXHIBIT B

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was transmitted electronically and/or mailed, first class, postage prepaid, to all counsel and pro se parties of record on this 14th day of November, 2013 as follows:

*For the plaintiff, Henry Farnam*
James Hall, Esquire
Hall Johnson LLC
P.O. Box 1774
Pawcatuck, CT   06379

*And to the non-appearing parties:*

William D. Farnam
2830 Little Falls Place
Falls Church, VA   22042

Cargill Theatrical Productions/Cargill Corporation
c/o its Corporate Secretary
591 Wismer Road
Pipersvile, PA   18947


          ___/s/   411825   .
          Gary C. Kaisen

You have successfully e-filed!                    https://efile.eservices.jud.ct.gov/motion/EFileConfirmation.aspx?cr...

EXHIBIT B



**Attorney/Firm: MILANO & WANAT (406611)**                    E-Mail: mmilano@mwllc.us   Logout

<u>Hide Instructions</u>                    **You have successfully e-filed!**

Additional information about this transaction is provided below. Use the browser's print function to print a copy of this Confirmation. Then, select the "Back to E-Filing Menu" or "Logout".

Print This Page

### Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | <u>KNL-CV-13-6019288-S</u> |
| **Case Name:** | FARNAM, HENRY W v. FARNAM, WILLIAM D Et Al |
| **Type of Transaction:** | Pleading/Motion/Other |
| **Date Filed:** | Nov-14-2013 |
| **Motion/Pleading by:** | MILANO & WANAT (406611) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| | |
| **Date and Time of Transaction:** | Thursday, November 14, 2013 3:50:36 PM |

E-File Another Pleading/Motion/Other on this Case

Return to Civil / Family Menu      Return to Case Detail

Copyright © 2013, State of Connecticut Judicial Branch

# EXHIBIT C

**EXHIBIT C**

Case Detail - KNL-CV13-6019288-S

https://efile.eservices.jud.ct.gov/CaseDetail/AttyCaseDetail.aspx?...



State of Connecticut Judicial Branch
## Civil and Family E-Services

| E-Services Home | Attorney/Firm: MILANO & WANAT (406611) | E-Mail: mmilano@mwllc.us  Logout |
|---|---|---|

✒ **KNL-CV13-6019288-S** FARNAM, HENRY W v. FARNAM, WILLIAM D Et Al
**Prefix/Suffix:** [none]  **Case Type:** T90   **File Date:** 11/12/2013   **Return Date:** 11/19/2013

| Case Detail | Notices | History | Processing  ▶ | Scheduled Court Dates | Help Manual |
|---|---|---|---|---|---|

- E-File a New Case

- E-File on an
Existing Case
  By Docket Number
  By Party Name
  List My Cases
  -
- Court Events
  By Date
  By Juris Number
  By Docket Number
  -
- Short Calendars
  Markings Entry
  Markings History
  My Short Calendars
  By Court Location 
  Calendar Notices 
  -
- My Shopping Cart(0)
- My E-Filed Items
  -
- Foreclosures
  By Sale 
  -

To receive an email when there is activity on this case, click here. ⚐

Select Case Activity:  E-File an Appearance   Go!

Information updated as of: 11/14/2013

| Case Information | |
|---|---|
| **Case Type:** | T90 - TORTS - ALL OTHER |
| **Court Location:** | NEW LONDON |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Referral Judge or Magistrate:** | |
| **Last Action Date:** | 11/13/2013  (The "last action date" is the date the information was entered in the system) |

| Disposition Information | |
|---|---|
| **Disposition Date:** | |
| **Disposition:** | |
| **Judge or Magistrate:** | |

| Party & Appearance Information | |
|---|---|

| Party | No Fee Party |
|---|---|

**P-01  HENRY W FARNAM**
  **Attorney:** ✒ HALL JOHNSON LLC (426890)   File Date: 11/12/2013
   ⅈ NEW   P.O. BOX 1774
     PAWCATUCK, CT 06379

**D-01  WILLIAM D FARNAM**
  Non-Appearing

**D-02  THE MADISON BEACH CLUB, INC.**
  **Attorney:** ✒ MILANO & WANAT (406611)   File Date: 11/13/2013
   ⅈ NEW   471 EAST MAIN STREET
     BRANFORD, CT 06405

**D-03  CARGILL THEATRICAL PRODUCTIONS**
  Non-Appearing

**Viewing Documents on Civil Cases:** Attorneys who have an appearance on the case can view pleadings, orders and other documents that are *paperless* by selecting the document link below. Any attorney without an appearance on the case can look at court orders and judicial notices that are *electronic* on this case by choosing the link next to the order or selecting "Notices" from the tab at the top of this page and choosing the link to the notice on this website. Pleadings and other documents that are paperless can be viewed during normal business hours at any Judicial District courthouse and at many geographical area courthouses. Any pleadings or documents that are *not paperless* can be viewed during normal business hours at the Clerk's Office in the Judicial District where the case is. Some pleadings, orders and other documents are protected by court order and can be seen at the Clerk's Office in the Judicial District where the case is only by attorneys or parties on the case.

## EXHIBIT C

Case Detail - KNL-CV13-6019288-S                    https://efile.eservices.jud.ct.gov/CaseDetail/AttyCaseDetail.aspx?...

| Motions / Pleadings / Documents / Case Status | | | | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 11/12/2013 | P | SUMMONS 🖫 ✉NEW | |
| | 11/12/2013 | P | COMPLAINT 🖫 ✉NEW | |
| | 11/12/2013 | P | RETURN OF SERVICE 🖫 ✉NEW | |
| | 11/13/2013 | D | APPEARANCE 🖫 ✉NEW<br>Appearance | |

| Individually Scheduled Court Dates as of 11/13/2013 | | | | |
|---|---|---|---|---|
| KNL-CV13-6019288-S - FARNAM, HENRY W v. FARNAM, WILLIAM D Et Al | | | | |
| # | Date | Time | Event Description | Status |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court location different from where the case was filed. Please see the JDNO/Notices tab on the Case Detail screen for scheduling location information.

Note: This listing of court activity may include motions or pleadings that were written onto the short calendar by the clerk. For items where the time is not displayed, please contact the clerk's office for further information.

Periodic changes to terminology may be made which do not affect the status of the case.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2013, State of Connecticut Judicial Branch

# EXHIBIT D

EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## NOTICE TO COUNSEL FOR CASES REMOVED FROM SUPERIOR COURT
## STANDING ORDER

All parties removing actions to this Court pursuant to 28 U.S.C. § 1441 shall, no later than seven (7) days after filing a notice of removal, file and serve a signed statement that sets forth the following information:

1.      The date on which each defendant first received a copy of the summons and complaint in the state court action.

2.      The date on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the dates set forth in item 1.

3.      In diversity cases, whether any defendant who has been served is a citizen of Connecticut. Also, if any party is a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each partner, general partner, limited partner and member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each member.

4.      If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time.

5.      The name of any defendant served prior to the filing of the notice of removal who has not formally joined in the notice of removal and the reasons why any such defendant did not join in the notice of removal.

At the time a removal notice is filed with the Clerk of this Court, the removing party shall also file with the Clerk a separate notice, entitled "Notice of Pending Motions," specifying any pending motions that require action by a Judge of this Court and attaching a true and complete copy of each such motion and all supporting and opposition papers.

The removing party shall list in its certificate of service immediately below the name and address of counsel the name of the party or parties represented by said counsel and all parties appearing *pro se.*

### NOTICE TO COUNSEL RE LOCAL RULE 5(b)

To ensure that our records are complete and to ensure that you receive notice of hearings and any court rulings, PLEASE FILE AN APPEARANCE with this office in accordance with Local Rule 5(b) of the Local Rules of Civil Procedure for the District of Connecticut.

Counsel for the removing defendant(s) is responsible for immediately serving a copy of this notice on all counsel of record and all unrepresented parties at their last known address.

**ROBIN D. TABORA,**
**CLERK OF COURT**
(Eff 7/9/13)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was transmitted electronically and/or mailed, first class, postage prepaid, to all counsel and pro se parties of record on this 14th day of November, 2013 as follows:

*For the plaintiff, Henry Farnam*
James A. Hall IV, Esquire
Hall Johnson LLC
P.O. Box 1774
Pawcatuck, CT   06379

*And to the non-appearing parties:*

William D. Farnam
2830 Little Falls Place
Falls Church, VA   22042

Cargill Theatrical Productions/Cargill Corporation
c/o its Corporate Secretary
591 Wismer Road
Pipersvile, PA   18947


___/s/   CT #17513_____
Gary C. Kaisen