# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **HENRY W. FARNAM,** | : | **CIVIL NO.  3:13-CV-01693 (WWE)** |
|     **PLAINTIFF** | | |
| **V.** | : | |
| | | |
| **WILLIAM D. FARNAM;** | : | |
| **THE MADISON BEACH CLUB, INC;** | | |
| **CARGILL THEATRICAL PRODUCTIONS** | | |
| **CARGILL PRODUCTIONS,** | | |
|     **DEFENDANTS** | : | **JUNE 6, 2014** |

## <u>AMENDED COMPLAINT</u>

**<u>FIRST COUNT</u>:**     **(Sexual Assault and Battery as to William Farnam)**

1.     WILLIAM D. FARNAM (hereinafter referred to as the "Defendant") was the uncle of the Plaintiff, HENRY FARNAM.

2.     Between approximately November of 1977 and September of 1982, the Defendant was entrusted with the periodic care of his minor nephew, HENRY FARNAM, and did in fact have overnight visits at the family homes in New Haven and Madison, Connecticut during holidays. Defendant would also visit the Plaintiff while at the Madison Beach Club in Madison, Connecticut during the summers.  The Defendant was also entrusted with the care of the Plaintiff during a trip to the Washington, DC/Virginia area in the Spring of 1982.

3.     During the aforementioned times, and at these listed locations, the Defendant did repeatedly engage in abusive and corruptive sexual acts with the minor Plaintiff, including but not limited to repeatedly forcing the minor Plaintiff to engage in oral sex, inappropriately fondling the Plaintiff, attempting and engaging in sodomy with the then minor Plaintiff, causing the injuries and damages hereinafter set forth.

4.     At the time of these events, William D. Farnam was a Virginia resident, frequenting Connecticut for extended, periodic visits.

5.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant in that he:

   a.     per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

   b.     per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

   c.     sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

   d.     failed to supervise the Plaintiff when he was entrusted to do so;

   e.     breached his fiduciary duty to care for the Plaintiff;

      f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff; and

      g.      negligently contributed to the Plaintiff's delinquency.

6.      As a result of the Defendant's actions, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality,  control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.      As a further direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.      As a further direct and proximate result of the Defendant's actions, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.      As a further direct and proximate result of the Defendant's actions, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**SECOND COUNT:   (NEGLIGENCE as to William D. Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Second Count, as if more fully set forth herein.

5.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Defendant, William D. Farnam, in that he negligently caused sexual injury to the Plaintiff while he was a minor child when he had a duty not to do so.

6.     As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality,   control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**THIRD COUNT:**      **(Negligent Corruption of a Minor as to William D. Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Third Count, as if more fully set forth herein.

5.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant, William D. Farnam, in that he negligently exposed and subjected the Plaintiff to lewd sexual acts while he was a minor child.

6.      As a result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and

psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.      As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.      As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.      As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FOURTH COUNT:  (Intentional Infliction of Emotional Distress as to William D. Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Fourth Count, as if more fully set forth herein.

~ 6 ~

5.      The Defendant, William D. Farnam, intended to cause emotional distress, or knew or should have known that emotional distress was the likely result of his sexually molesting the Plaintiff.

6.      The Defendant, William D. Farnam's conduct in repeatedly molesting the Plaintiff was extreme and outrageous and resulted in severe emotional distress.

7.      The Defendant, William D. Farnam's conduct was the cause of the Plaintiff's distress.

8.      As a direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

9.      As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

10.      As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

11.     As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

12.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FIFTH COUNT:**     **(Negligent Infliction of Emotional Distress as to William Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Fifth Count, as if more fully set forth herein.

5.     The conduct of the Defendant, William D. Farnam, created an unreasonable risk of causing the Plaintiff emotional distress in that he knew or should have known his acts of sexual molestation created an unreasonable risk of causing the Plaintiff emotional distress.

6.     Such a risk of emotional distress to the Plaintiff was or should have been plainly foreseeable to the Defendant and the Defendant should have realized that the emotional distress was severe enough that it would likely result in physical illness or psychological/bodily harm to the Plaintiff.

7.     The molestation by the Defendant and the ongoing nature of the molestation that was ignored by the Defendant was the cause of Plaintiff's distress as further described within this count.

8.     As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

9.     As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**<u>SIXTH COUNT:</u>**     **(False Imprisonment as to William Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Sixth Count, as if more fully set forth herein.

5.     The conduct of the Defendant, William D. Farnam, did detain the Plaintiff against his will in such circumstance that he could not have legally consented to the same thereby falsely imprisoning him.

6.     As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self esteem issues, frustration, fear, psychological and

psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

7.      As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**SEVENTH COUNT:**          **(NEGLIGENCE as to MADISON BEACH CLUB)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Seventh Count, as if more fully set forth herein.

5.      At all times herein mentioned the Madison Beach Club was a licensed corporation doing business in Connecticut.

6.      Madison Beach Club employed counselors, camp/club directors for the summer beach season programs held at the Club.  These counselors, camp/club directors were employees, agents, or assigns of the Madison Beach Club and provided adult supervision to minors attending the Madison Beach Club and its summer programs.

7.      During the summers between approximately 1978 and 1982 the Madison Beach Club was entrusted with the periodic care of the Plaintiff who did in fact have overnight visits at the Madison Beach Club.

8.     During these stays at the Madison Beach Club, the Plaintiff was sexually assaulted by the camp director.  The camp director did penetrate the Plaintiff's anus with his penis and was forced to perform oral sex upon the director.  Sexual activity among the counselors and campers was prolific and for a time the counselors were fired because of the activity.

9.     The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Madison Beach Club through their employees, agents or assigns in that they:

      a.     per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

      b.     per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

      c.     sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

      d.     failed to supervise the Plaintiff when they were entrusted to do so;

      e.     breached their fiduciary duty to care for the Plaintiff;

      f.     placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

      g.     negligently contributed to the Plaintiff's delinquency;

h.     failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harms way;

i.      failed to adequately supervise their employees agents or assigns; and

j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10.    As a result of the negligence of the defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**EIGHTH COUNT:   (NEGLIGENCE as to CARGILL CORPORATION)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Eighth Count, as if more fully set forth herein.

5.     At all times herein mentioned the Cargill Corporation was a corporation duly licensed in Pennsylvania and doing business in Connecticut.

6.     Cargill Corporation employed program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill Corporation and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer.

7.     During the summers between approximately 1978 and 1982 the Cargill Corporation was entrusted with the periodic care of the Plaintiff who did in fact have overnight visits at the Madison Beach Club.

8.      During these stays at the Madison Beach Club, the Plaintiff was sexually assaulted by the employees, agents or assigns of Cargill Corporation.

9.      The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Cargill Corporation through their employees, agents or assigns in that they:

    a.      per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

    b.      per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;.

    c.      sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

    d.      failed to supervise the Plaintiff when they were entrusted to do so;

    e.      breached their fiduciary duty to care for the Plaintiff;

    f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

    g.      negligently contributed to the Plaintiff's delinquency;

    h.      failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harms way;

    i.      failed to adequately supervise their employees agents or assigns; and

j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10.     As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**NINTH COUNT:     (NEGLIGENCE as to JEROME H. CARGILL PRODUCING ORGANIZATION, INC. of NEW YORK, NY)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Eighth Count, as if more fully set forth herein.

5.     At all times herein mentioned the JEROME H. CARGILL PRODUCING ORGANIZATION, INC. of NEW YORK, NY. (hereinafter referred to as "Cargill") was a corporation duly licensed in New York and doing business in Connecticut.

6.     Cargill employed program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer.

7.     During the summers between approximately 1978 and 1982 Cargill was entrusted with the periodic care of the Plaintiff, who did in fact have overnight visits at the Madison Beach Club.

8.     During these stays at the Madison Beach Club, the Plaintiff was sexually assaulted by the employees, agents or assigns of Cargill.

9.      The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Cargill through their employees, agents or assigns in that they:

      a.      per se violated Connecticut General Statue §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

      b.      per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

      c.      sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

      d.      failed to supervise the Plaintiff when they were entrusted to do so;

      e.      breached their fiduciary duty to care for the Plaintiff;

      f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

      g.      negligently contributed to the Plaintiff's delinquency;

      h.      failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harms way;

      i.      failed to adequately supervise their employees agents or assigns; and

      j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10.     As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**WHEREFORE**, the Plaintiff claims:

1.      Fair, just and adequate money damages  in excess of $15,000.00 within the

jurisdiction of the Superior Court;

2.      Any other relief this Court deems appropriate.

THE PLAINTIFF,
HENRY FARNAM

By _/s/ James A. Hall, IV_____
    James A. Hall, IV (21486)
    Hall Johnson LLC
    PO Box 1774
    Pawcatuck, CT 06379
    (401) 596-4401

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY W. FARNAM, | : | CIVIL NO.  3:13-CV-01693 (WWE) |
|     PLAINTIFF | | |
| V. | : | |
| | | |
| WILLIAM D. FARNAM; | : | |
| THE MADISON BEACH CLUB, INC; | | |
| CARGILL THEATRICAL PRODUCTIONS | | |
| CARGILL PRODUCTIONS, | | |
|     DEFENDANTS | : | JUNE 6, 2014 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is $15,000.00 or more exclusive of interest and

costs.

THE PLAINTIFF
HENRY FARNAM


By  _/s/ James A. Hall, IV_____
    James A. Hall IV (#21486)
    Hall Johnson LLC
    PO Box 1774
    Pawcatuck, CT 06379
    (401) 596-4401