UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY W. FARNAM, | : | CIVIL NO.  3:13-CV-01693(WWE) |
| PLAINTIFF | | |
| | | |
| V. | : | |
| | | |
| WILLIAM D. FARNAM; | | |
| THE MADISON BEACH CLUB, INC.; | | |
| CARGILL THEATRICAL PRODUCTIONS | | |
| CARGILL PRODUCTIONS; | | |
| DONALD GRANT ZELLMER, | | |
| DEFENDANTS | : | MARCH 25, 2015 |

## SECOND AMENDED COMPLAINT

**FIRST COUNT:**       **(Sexual Assault and Battery as to William Farnam)**

1.      WILLIAM D. FARNAM (hereinafter referred to as the "Defendant") was the uncle of the Plaintiff, HENRY FARNAM.

2.      Between approximately November of 1997 and September of 1982, the Defendant was entrusted with the periodic care of his minor nephew, HENRY FARNAM, and did in fact have overnight visits at the family homes in New Haven and Madison, Connecticut during holidays. Defendant would also visit the Plaintiff while at the Madison Beach Club in Madison, Connecticut during the summers.  The Defendant was also entrusted with the care of the Plaintiff during a trip to the Washington, DC/Virginia area in the Spring of 1982.

3.     During the aforementioned times, and at these listed locations, the Defendant did repeatedly engage in abusive and corruptive sexual acts with the minor Plaintiff, including but not limited to repeatedly forcing the minor Plaintiff to engage in oral sex, inappropriately fondling the Plaintiff, attempting and engaging in sodomy with the then minor Plaintiff, causing the injuries and damages hereinafter set forth.

4.     At the time of these events, William D. Farnam was a Virginia resident, frequenting Connecticut for extended, periodic visits.

5.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant in that he:

   a.     per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

   b.     per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

   c.     sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

   d.     failed to supervise the Plaintiff when he was entrusted to do so;

   e.     breached his fiduciary duty to care for the Plaintiff;

     f.     placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff; and

     g.     negligently contributed to the Plaintiff's delinquency.

6.     As a result of the Defendant's actions, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.     As a further direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.     As a further direct and proximate result of the Defendant's actions, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.     As a further direct and proximate result of the Defendant's actions, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**SECOND COUNT:  (NEGLIGENCE as to William D. Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Second Count, as if more fully set forth herein.

5.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Defendant, William D. Farnam, in that he negligently caused sexual injury to the Plaintiff while he was a minor child when he had a duty not to do so.

6.     As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**THIRD COUNT:**      **(Negligent Corruption of a Minor as to William D. Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Third Count, as if more fully set forth herein.

5.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant, William D. Farnam, in that he negligently exposed and subjected the Plaintiff to lewd sexual acts while he was a minor child.

6.      As a result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and

psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

7.      As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

8.      As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

9.      As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

10.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FOURTH COUNT:  (Intentional Infliction of Emotional Distress as to William D. Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Fourth Count, as if more fully set forth herein.

5.      The Defendant, William D. Farnam, intended to cause emotional distress, or knew or should have known that emotional distress was the likely result of his sexually molesting the Plaintiff.

6.      The Defendant, William D. Farnam's conduct in repeatedly molesting the Plaintiff was extreme and outrageous and resulted in severe emotional distress.

7.      The Defendant, William D. Farnam's conduct was the cause of the Plaintiff's distress.

8.      As a direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

9.      As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

10.     As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

11.     As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

12.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FIFTH COUNT:**      **(Negligent Infliction of Emotional Distress as to William Farnam)**

1.     Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Fifth Count, as if more fully set forth herein.

5.     The conduct of the Defendant, William D. Farnam, created an unreasonable risk of causing the Plaintiff emotional distress in that he knew or should have known his acts of sexual molestation created an unreasonable risk of causing the Plaintiff emotional distress.

6.     Such a risk of emotional distress to the Plaintiff was or should have been plainly foreseeable to the Defendant and the Defendant should have realized that the emotional distress was severe enough that it would likely result in physical illness or psychological/bodily harm to the Plaintiff.

7.     The molestation by the Defendant and the ongoing nature of the molestation that was ignored by the Defendant was the cause of Plaintiff's distress as further described within this count.

8.      As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

9.      As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**SIXTH COUNT:**      **(False Imprisonment as to William Farnam)**

1.      Paragraphs 1 through 4 of the First Count are hereby made Paragraphs 1 through 4 of this, the Sixth Count, as if more fully set forth herein.

5.      The conduct of the Defendant, William D. Farnam, did detain the Plaintiff against his will in such circumstance that he could not have legally consented to the same thereby falsely imprisoning him.

6.      As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and

psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feeling.

7.      As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**SEVENTH COUNT:**              **(Negligence as to Madison Beach Club)**

1.      At all times herein mentioned the Plaintiff, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2.      At all times herein mentioned the Madison Beach Club (Also referred to as MBC) was a licensed corporation doing business in Connecticut.

3.      At all times herein mentioned the Madison Beach Club owned, possessed or maintained real property located in Madison, CT and known as the "Madison Beach Club" located at………(address)

4.      At all times herein mentioned, the Plaintiff was lawfully on the premises of the Madison Beach Club as an invitee.

5.     At all times herein mentioned the Plaintiff was also lawfully on the premises as the family member and guest of William Farnam, then a member in good standing of MBC and Plaintiff's biological Uncle.

6.     Madison Beach Club employed or otherwise retained persons including a theatrical director/choreographer ("Director") for the summer season programs known as the "Summer Follies" held at the MBC each year.  The Director was employed by the MBC to provide adult supervision to minors attending the Summer Folly program, including the minor Plaintiff. The Director, in his capacity, acted as an employee, agent or representative of MBC.

7.     During the summers between approximately 1981 and 1983 the Madison Beach Club was entrusted with the periodic care of the Plaintiff who did in fact have overnight visits at the Madison Beach Club and was assigned a room apart from the other guest rooms, in the section of rooms above the bar for employees, staff, servants or other assigned persons working at the Club.

8.     During these stays at the Madison Beach Club, the Plaintiff was repeatedly sexually assaulted by the Summer Folly Director.  The Director did repeatedly penetrate the Plaintiff's anus with his penis and the Plaintiff was forced to perform oral sex upon the Director.  Sexual activity among the staff and Summer Folly participants was prolific prior to the sexual abuse suffered by the Plaintiff and a prior director was fired because of the activity.

9.     The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Madison Beach Club through their employees, agents or assigns in that they:

     a.    per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

     b.    per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

     c.    sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

     d.    failed to supervise the Plaintiff when they were entrusted to do so;

     e.    breached their fiduciary duty to care for the Plaintiff;

     f.    placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

     g.    negligently contributed to the Plaintiff's delinquency;

     h.    failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harm's way;

     i.    failed to adequately supervise their employees agents or assigns; and

     j.    failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10.     As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and his inability to manage healthy relationships.

11.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**EIGHTH COUNT:**   **(Negligence as to Cargill Corporation)**

1.      At all times herein mentioned the Plaintiff, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2.      At all times herein mentioned the Cargill Corporation was a corporation duly licensed in Pennsylvania and lawfully doing business in Connecticut.

3.      Cargill Corporation employed and provided program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill Corporation and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer known as the "Summer Follies."

4.      During the summers between approximately 1978 and 1982 the Cargill Corporation's employees, agents and assigns were entrusted with the periodic care of the minors, in particular, the Plaintiff. This responsibility involved care and supervision of minor children during overnight visits at the Madison Beach Club during the Summer Follies.

5.      During these stays at the Madison Beach Club, and while under the direct supervision of Cargill employees, agents or assigns, the minor Plaintiff was sexually assaulted by the same employees, agents or assigns of Cargill Corporation charged with the responsibility for ensuring their safety.

6.      The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Cargill Corporation through their employees, agents, or assigns in that they:

      a.      per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

      b.      per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

      c.      sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

      d.      failed to supervise the Plaintiff when they were entrusted to do so;

      e.      breached their fiduciary duty to care for the Plaintiff;

      f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

      g.      negligently contributed to the Plaintiff's delinquency;

      h.      failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harm's way;

      i.      failed to adequately supervise their employees agents or assigns; and

      j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff, were adequately supervised.

7.    As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

8.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

9.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

10.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

11.    In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**NINTH COUNT:**    **(Negligence as to Jerome H. Cargill Producing Organization, Inc. of New York, NY)**

1.      At all times herein mentioned the Plaintiff, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2.      At all times herein mentioned the Jerome H. Cargill Producing Organization, Inc. of New York, NY (hereinafter referred to as "Cargill") was a corporation duly licensed in New York and doing business in Connecticut.

3.      Cargill employed and provided program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer known as the "Summer Follies."

4.      During the summers between approximately 1978 and 1982 the Cargill's employees, agents and assigns were entrusted with the periodic care of the minors, in particular, the Plaintiff. This responsibility involved care and supervision of minor children during overnight visits at the Madison Beach Club during the Summer Follies.

5.      During these stays at the Madison Beach Club, and while under the direct supervision of Cargill employees, agents or assigns, the minor Plaintiff was sexually assaulted by the same employees, agents or assigns of Cargill  charged with the responsibility for ensuring their safety.

6.     The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Cargill through their employees, agents, or assigns in that they:

a.     per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

b.     per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

c.     sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

d.     failed to supervise the Plaintiff when they were entrusted to do so;

e.     breached their fiduciary duty to care for the Plaintiff;

f.     placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

g.     negligently contributed to the Plaintiff's delinquency;

h.     failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harm's way;

i.     failed to adequately supervise their employees agents or assigns; and

j.     failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff, were adequately supervised.

7.      As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

8.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

9.      As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

10.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

11.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**TENTH COUNT:    (Sexual Assault and Battery as to Don Zellmer)**

1.    At all times herein mentioned the Plaintiff, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2.    At all times herein mentioned the "Cargill" was a corporation duly licensed in Pennsylvania or New York and lawfully doing business in Connecticut.

3.    Cargill employed and provided program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer known as the "Summer Follies."

4.    During the summers between approximately 1978 and 1982 the Cargill's employees, agents and assigns were entrusted with the periodic care of the minors, in particular, the Plaintiff. This responsibility involved care and supervision of minor children during overnight visits at the Madison Beach Club during the Summer Follies.

5.    During these stays at the Madison Beach Club, and while under the direct supervision of Cargill employees, agents or assigns, the minor Plaintiff was sexually assaulted by the same employees, agents or assigns of Cargill  charged with the responsibility for ensuring their safety.

6.      At all relevant times herein DON ZELLMER (hereinafter referred to as the "Defendant") was an employee, agent or assign of Cargill and the director of the Summer Follies at the Madison Beach Club. (MBC)

7.      Between the summers of 1981 and 1983, the Defendant, as Director of the Summer Follies, was entrusted with the periodic care of the minor Plaintiff, HENRY FARNAM.

8.      During the aforementioned times, the Defendant did repeatedly engage in corruptive sexual acts with the minor Plaintiff, including but not limited to repeatedly forcing the minor Plaintiff to engage in oral sex, inappropriately fondling the Plaintiff, attempting and engaging in sodomy with the then minor Plaintiff, causing the injuries and damages hereinafter set forth.

9.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant in that he:

      a.      per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

      b.      per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

      c.      sexually abused, exploited, assaulted, and/or battered the Plaintiff while he was a minor child;

      d.      failed to supervise the Plaintiff when he was entrusted to do so;

e.      breached his fiduciary duty to care for the Plaintiff;

f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff; and

g.      negligently contributed to the Plaintiff's delinquency.

10.    As a result of the Defendant's actions, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11.    As a further direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12.    As a further direct and proximate result of the Defendant's actions, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the Defendant's actions, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**ELEVENTH COUNT:**          **(NEGLIGENCE as to Don Zellmer)**

1.     Paragraphs 1 through 7 of the Tenth Count are hereby made Paragraphs 1 through 7 of this, the Eleventh Count, as if more fully set forth herein.

8.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Defendant, Don Zellmer, in that he negligently caused sexual injury to the Plaintiff while he was a minor child when he had a duty not to do so.

9.     As a result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

10.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

11.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

12.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

13.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**TWELFTH COUNT:**          **(Negligent Corruption of a Minor as to Don Zellmer)**

1.     Paragraphs 1 through 7 of the Tenth Count are hereby made Paragraphs 1 through 7 of this, the Twelfth Count, as if more fully set forth herein.

8.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant, Don Zellmer, in that he negligently exposed and subjected the Plaintiff to lewd sexual acts while he was a minor child.

9.      As a result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

10.     As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

11.     As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

12.     As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

13.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**THIRTEENTH COUNT:**   **(Intentional Infliction of Emotional Distress as to Don Zellmer)**

1.     Paragraphs 1 through 7 of the Tenth Count are hereby made Paragraphs 1 through 7 of this, the Thirteenth Count, as if more fully set forth herein.

8.     The Defendant, Don Zellmer, intended to cause emotional distress, or knew or should have known that emotional distress was the likely result of his sexually molesting the Plaintiff.

9.     The Defendant, Don Zellmer's conduct in repeatedly molesting the Plaintiff was extreme and outrageous and resulted in severe emotional distress.

10.     The Defendant, Don Zellmer's conduct was the cause of the Plaintiff's distress.

11.     As a direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

12.     As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

13.    As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

14.    As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

15.    In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FOURTEENTH COUNT:**   **(Negligent Infliction of Emotional Distress as to Don Zellmer)**

1.    Paragraphs 1 through 7 of the Tenth Count are hereby made Paragraphs 1 through 7 of this, the Fourteenth Count, as if more fully set forth herein.

8.    The conduct of the Defendant, Don Zellmer, created an unreasonable risk of causing the Plaintiff emotional distress in that he knew or should have known his acts of sexual molestation created an unreasonable risk of causing the Plaintiff emotional distress.

9.    Such a risk of emotional distress to the Plaintiff was or should have been plainly foreseeable to the Defendant and the Defendant should have realized that the emotional distress was severe enough that it would likely result in physical illness or psychological/bodily harm to the Plaintiff.

10.     The molestation by the Defendant and the ongoing nature of the molestation that was ignored by the Defendant was the cause of Plaintiff's distress as further described within this count.

11.     As a direct and proximate result thereof, the Plaintiff suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

12.     As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment which will continue into the foreseeable future.

**WHEREFORE**, the Plaintiff claims:

1.      Fair, just and adequate money damages in excess of $15,000.00 within the jurisdiction of the Superior Court;

2.      Any other relief this Court deems appropriate.

THE PLAINTIFF
HENRY FARNAM


By /s/ James A. Hall, IV
        James A. Hall, IV  (21486)
        Hall Johnson, LLC
        PO Box 1774
        Pawcatuck, CT  06379
        (401) 596-4401

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **HENRY W. FARNAM,** | : | **CIVIL NO.  3:13-CV-01693(WWE)** |
| **PLAINTIFF** | | |
| | | |
| **V.** | : | |
| | | |
| **WILLIAM D. FARNAM;** | | |
| **THE MADISON BEACH CLUB, INC.;** | | |
| **CARGILL THEATRICAL PRODUCTIONS** | | |
| **CARGILL PRODUCTIONS;** | | |
| **DONALD GRANT ZELLMER,** | | |
| **DEFENDANTS** | : | **MARCH 25, 2015** |

**STATEMENT OF AMOUNT IN DEMAND**

The amount, legal interest or property in demand is $15,000.00 or more exclusive of interest and costs.

> THE PLAINTIFF
> HENRY FARNAM
>
>
> By /s/ James A. Hall, IV
>     James A. Hall, IV  (21486)
>     Hall Johnson, LLC
>     PO Box 1774
>     Pawcatuck, CT  06379
>     (401) 596-4401