UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY W. FARNAM, | : | CIVIL NO.  3:13-CV-01693(WWE) |
|     PLAINTIFF | | |
| | | |
| V. | : | |
| | | |
| THE MADISON BEACH CLUB, INC.; | | |
| JEROME H. CARGILL PRODUCING | | |
| ORGANIZATION, INC. OF NEW YORK, NY; | | |
| DONALD GRANT ZELLMER, | | |
|     DEFENDANTS | : | JANUARY 25, 2016 |

**FOURTH AMENDED COMPLAINT**

**FIRST COUNT:**         **(Negligence as to Madison Beach Club)**

1. At all times herein mentioned, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2. At all times herein mentioned the Madison Beach Club (Also referred to as MBC) was a licensed corporation doing business in Connecticut.

3. At all times herein mentioned the Madison Beach Club owned, possessed or maintained real property located in Madison, CT and known as the "Madison Beach Club" located at 128 Island Avenue, Madison, CT  06443.

4. At all times herein mentioned, the Plaintiff was lawfully on the premises of the Madison Beach Club as an invitee.

5.   At all times herein mentioned the Plaintiff was also lawfully on the premises as the family member and guest of club members, in good standing, either or both, his uncle, William Farnam, and/or his grandmother, Eleanor D. Farnam.

6.   Madison Beach Club employed or otherwise retained persons, including a theatrical director/choreographer ("Director") for the summer season programs known as the "Summer Follies" held at the MBC each year.  The Director was employed by the MBC to provide adult supervision to minors attending the Summer Follies program, including the minor Plaintiff. The Director, in his capacity, acted as an employee, agent or representative of MBC.

7.   During the summers between approximately 1982 and 1983 the Madison Beach Club was entrusted with the periodic care of the Plaintiff who did in fact have overnight visits at the Madison Beach Club and was periodically assigned a room apart from the other guest rooms, in the section of rooms above the bar for employees, staff, servants or other assigned persons working at the Club.

8.   During these stays at the Madison Beach Club, the Plaintiff was repeatedly sexually assaulted, sexually abused and/or sexually exploited by the Summer Follies Director and previously by his uncle, William D. Farnam.  The Director did repeatedly penetrate the Plaintiff's anus with his penis and the Plaintiff was forced to perform oral sex upon the Director.  Sexual

activity among the staff and Summer Follies participants was prolific prior to the sexual abuse suffered by the Plaintiff and a prior director was fired because of the activity.

9. The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Madison Beach Club through their employees, agents or assigns in that they:

    a. per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

    b. per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

    c. sexually abused, and/or exploited, and/or assaulted, and/or battered the Plaintiff while he was a minor child;

    d. failed to supervise the Plaintiff when they were entrusted to do so;

    e. breached their fiduciary duty to care for the Plaintiff;

    f. placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;

    g. negligently contributed to the Plaintiff's delinquency;

    h. failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harm's way;

    i. failed to adequately supervise their employees agents or assigns; and

  j. failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff were adequately supervised.

10. As a result of the negligence of the Defendant, the Plaintiff has suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and his inability to manage healthy relationships.

11. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**SECOND COUNT:**  (Negligence as to Jerome H. Cargill Producing Organization, Inc. of New York, NY)

1.     At all times herein mentioned, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2.     At all times herein mentioned the Jerome H. Cargill Producing Organization, Inc. of New York, NY (hereinafter referred to as "Cargill") was a corporation duly licensed in New York and doing business in Connecticut.

3.     Cargill employed and provided program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer known as the "Summer Follies."

4.     During the summers between approximately 1982 and 1983 the Cargill's employees, agents and assigns were entrusted with the periodic care of the minors, in particular, the Plaintiff. This responsibility involved care and supervision of minor children during overnight visits at the Madison Beach Club during the Summer Follies.

5.      During these stays at the Madison Beach Club, and while under the direct supervision of Cargill employees, agents or assigns, the minor Plaintiff was sexually assaulted by the same employees, agents or assigns of Cargill charged with the responsibility for ensuring their safety.

6.      The injuries, losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of Cargill through their employees, agents, or assigns in that they:

- a.  per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;
- b.  per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;
- c.  sexually abused, and/or exploited, and/or assaulted, and/or battered the Plaintiff while he was a minor child;
- d.  failed to supervise the Plaintiff when they were entrusted to do so;
- e.  breached their fiduciary duty to care for the Plaintiff;
- f.  placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff;
- g.  negligently contributed to the Plaintiff's delinquency;
- h.  failed to adequately background check their employees, agents or assigns to ensure that no minor child was put in harm's way;
- i.  failed to adequately supervise their employees agents or assigns; and

      j.      failed to adopt adequate policies to ensure that minor children, in particular the Plaintiff, were adequately supervised.

7. As a result of the negligence of the Defendant, the Plaintiff has suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

8. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

9. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

10. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

11. In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**THIRD COUNT:**     **(Sexual Assault and Battery as to Don Zellmer)**

1. At all times herein mentioned, Henry Farnam (hereinafter the "Plaintiff") was a minor and a resident of the state of New York.

2. At all times herein mentioned "Cargill" was a corporation duly licensed in Pennsylvania or New York and lawfully doing business in Connecticut.

3. Cargill employed and provided program directors for theatrical summer programs held at the Madison Beach Club.  These program directors were employees, agents, or assigns of Cargill and provided adult supervision to minors attending the theatrical programs at Madison Beach Club during the summer known as the "Summer Follies."

4. During the summers between approximately 1982 and 1983 Cargill's employees, agents and assigns were entrusted with the periodic care of the minors, in particular, the Plaintiff.  This responsibility involved care and supervision of minor children during overnight visits at the Madison Beach Club during the Summer Follies.

5. During these stays at the Madison Beach Club, and while under the direct supervision of Cargill employees, agents or assigns, the minor Plaintiff was sexually assaulted by the same employees, agents or assigns of Cargill charged with the responsibility for ensuring their safety.

6.      At all relevant times herein Don Zellmer (hereinafter referred to as the "Defendant") was an employee, agent or assign of Cargill and the director of the Summer Follies at the Madison Beach Club. (MBC)

7.      Between the summers of 1982 and 1983, the Defendant, as Director of the Summer Follies, was entrusted with the periodic care of the minor Plaintiff, Henry Farnam.

8.      During the aforementioned times, the Defendant did repeatedly engage in corruptive sexual acts with the minor Plaintiff, including but not limited to repeatedly forcing the minor Plaintiff to engage in oral sex, inappropriately fondling the Plaintiff, attempting and engaging in sodomy with the then minor Plaintiff, causing the injuries and damages hereinafter set forth.

9.      The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant in that he:

   a.   per se violated Connecticut General Statute §53a-71(a)(1)(4) by engaging in sexual activity with a minor;

   b.   per se violated Connecticut General Statute §53-21(a) by negligently risking injury to and/or impairing the Plaintiff's morals while being under the age of 16;

   c.   sexually abused, and/or exploited, and/or assaulted, and/or battered the Plaintiff while he was a minor child;

   d.   failed to supervise the Plaintiff when he was entrusted to do so;

      e.      breached his fiduciary duty to care for the Plaintiff;

      f.      placed the Plaintiff in a high risk situation likely to cause harm to the Plaintiff; and

      g.      negligently contributed to the Plaintiff's delinquency.

10. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

11. As a further direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

12. As a further direct and proximate result of the Defendant's actions, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

13.     As a further direct and proximate result of the Defendant's actions, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

14.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FOURTH COUNT:   (NEGLIGENCE as to Don Zellmer)**

1.     Paragraphs 1 through 7 of the Fourth Count are hereby made Paragraphs 1 through 7 of this, the Fifth Count, as if more fully set forth herein.

8.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the negligent acts of the Defendant, Don Zellmer, in that he negligently caused sexual injury to the Plaintiff while he was a minor child when he had a duty not to do so.

9.     As a result of the negligence of the Defendant, the Plaintiff has suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

10.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

11.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

12.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

13.     In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**FIFTH COUNT:**     **(Negligent Corruption of a Minor as to Don Zellmer)**

1.     Paragraphs 1 through 7 of the Fourth Count are hereby made Paragraphs 1 through 7 of this, the Sixth Count, as if more fully set forth herein.

8.     The injuries and losses and damages sustained by the Plaintiff were the direct and proximate result of the wrongful acts and intentions of the Defendant, Don Zellmer, in that he negligently exposed and subjected the Plaintiff to lewd sexual acts while he was a minor child.

9.     As a result of the negligent corruption by the Defendant, the Plaintiff has suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self-esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

10.    As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff has suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

11.    As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

12.    As a further direct and proximate result of the negligent corruption by the Defendant, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

13.    In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**SIXTH COUNT:** **(Intentional Infliction of Emotional Distress as to Don Zellmer)**

1. Paragraphs 1 through 7 of the Fourth Count are hereby made Paragraphs 1 through 7 of this, the Seventh Count, as if more fully set forth herein.

8. The Defendant, Don Zellmer, intended to cause emotional distress, or knew or should have known that emotional distress was the likely result of his sexually molesting the Plaintiff.

9. The Defendant, Don Zellmer's conduct in repeatedly molesting the Plaintiff was extreme and outrageous and resulted in severe emotional distress.

10. The Defendant, Don Zellmer's conduct was the cause of the Plaintiff's distress.

11. As a direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

12. As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

13. As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

14. As a further direct and proximate result of the Defendant's Intentional Infliction of Emotional Distress, the Plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

15. In all likelihood, some or all of the Plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

**SEVENTH COUNT:(Negligent Infliction of Emotional Distress as to Don Zellmer)**

1. Paragraphs 1 through 7 of the Fourth Count are hereby made Paragraphs 1 through 7 of this, the Eighth Count, as if more fully set forth herein.

8. The conduct of the Defendant, Don Zellmer, created an unreasonable risk of causing the Plaintiff emotional distress in that he knew or should have known his acts of sexual molestation created an unreasonable risk of causing the Plaintiff emotional distress.

9. Such a risk of emotional distress to the Plaintiff was or should have been plainly foreseeable to the Defendant and the Defendant should have realized that the emotional distress was severe enough that it would likely result in physical illness or psychological/bodily harm to the Plaintiff.

10.     The molestation by the Defendant and the ongoing nature of the molestation that was ignored by the Defendant was the cause of Plaintiff's distress as further described within this count.

11.     As a direct and proximate result thereof, the Plaintiff has suffered and continues to suffer injuries of a serious and permanent nature, including serious mental trauma and emotional distress, anxiety, nightmares, depression, self-esteem issues, frustration, fear, psychological and psychiatric disorders, and permanent psychological and psychiatric scarring and damages further including a distrust of authority, issues regarding his sexuality, trust issues, control issues, compartmentalization of his feelings.

12.     As a further direct and proximate result thereof, the Plaintiff has sought and received and continues to receive treatment from mental health professionals, and has incurred and continues to incur the expenses of treatment, which will continue into the foreseeable future.

**WHEREFORE**, the Plaintiff claims:

1. Fair, just and adequate money damages in excess of $15,000.00 within the jurisdiction of the Superior Court;

2. Any other relief this Court deems appropriate.

                THE PLAINTIFF
                HENRY FARNAM


By /s/ James A. Hall, IV
    James A. Hall, IV  (21486)
    Hall Johnson, LLC
    PO Box 1774
    Pawcatuck, CT  06379
    (401) 596-4401

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY W. FARNAM, | : | CIVIL NO.  3:13-CV-01693(WWE) |
|     PLAINTIFF | | |
| | | |
| V. | : | |
| | | |
| THE MADISON BEACH CLUB, INC.; | | |
| JEROME H. CARGILL PRODUCING | | |
| ORGANIZATION, INC. OF NEW YORK, NY; | | |
| DONALD GRANT ZELLMER, | | |
|     DEFENDANTS | : | JANUARY 25, 2016 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount, legal interest or property in demand is $15,000.00 or more exclusive of interest and costs.

    THE PLAINTIFF
    HENRY FARNAM


    By /s/ James A. Hall, IV
        James A. Hall, IV  (21486)
        Hall Johnson, LLC
        PO Box 1774
        Pawcatuck, CT  06379
        (401) 596-4401