## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY W. FARNAM | : | |
| PLAINTIFF | : | CIVIL NO. |
| | : | 3:13-CV -01693 (WWE) |
| v. | : | |
| | : | |
| WILLIAM FARNAM, | : | |
| THE MADISON BEACH CLUB, INC; and | : | |
| CARGILL THEATRICAL PRODUCTIONS/ | : | |
| CARGILL PRODUCTIONS | : | FEBRUARY 17, 2016 |
| DEFENDANTS | : | |

## NOTICE OF APPORTIONMENT AGAINST
## FORMER CO-DEFENDANT WILLIAM D. FARNAM

1.      Henry Farnam commenced the above-captioned matter sounding in several counts

against several defendants, including a count in negligence against his uncle, William D.

Farnam, and against the undersigned defendant, The Madison Beach Club, Inc.

2.      Before reaching a monetary settlement and withdrawing the complaint, including

the negligence claims against former defendant William D. Farnam, plaintiff's then-operative

complaint (Doc. #14, June 16, 2014, Amended Complaint) included the following negligence

allegations against William D. Farnam in its Second Count:

a.      William D. Farnam (hereinafter referred to as the "defendant") was the uncle of
the plaintiff Henry Farnam.

b.	Between approximately November of 1977 and September of 1982, the defendant was entrusted with the periodic care of his minor nephew, Henry Farnam, and did in fact have overnight visits at the family homes in New Haven and Madison, Connecticut during holidays.  The defendant would also visit the plaintiff while at the Madison Beach Club in Madison, Connecticut during the summers.  The defendant was also entrusted with the care of the plaintiff during a trip to the Washington, DC/Virginia area in the spring of 1982.

c.	During the aforementioned times, and at these listed locations, the defendant did repeatedly engage in abusive and corruptive sexual acts with the minor plaintiff, including but not limited to repeatedly forcing the minor plaintiff to engage in oral sex, inappropriately fondling the plaintiff, attempting and engaging in sodomy with the then minor plaintiff, causing the injuries and damages hereinafter set forth.

d.	At the time of these events, William D. Farnam was a Virginia resident, frequenting Connecticut for extended, periodic visits.

e.	The injuries and losses and damages sustained by the plaintiff were the direct and proximate result of the negligent acts of the defendant, William D. Farnam,  in that he negligently caused sexual injury to the plaintiff while he was a minor child when he had a duty not to do so.

f.	As a result of the negligence of the defendant, the plaintiff suffered and continues to suffer mental trauma and emotional distress, anxiety, nightmares, depression, low self esteem, frustration, fear, psychological and psychiatric disorders, psychological and psychiatric scarring, a distrust of authority, confusion regarding his sexuality, control issues, anger, rage, contemplation of death to the level of suicidal ideations and compartmentalization of his feelings and has an inability to manage healthy relationships.

g.	As a further direct and proximate result of the negligence of the defendant [William D. Farnam], the plaintiff suffered and continues to suffer great humiliation, substantial psychological trauma, including post-traumatic stress disorder, and mental injury.

h.	As a further direct and proximate result of the negligence of the defendant, the plaintiff was and is required to spend monies for medical care, counseling and treatment necessitated by his injuries.

i.	As a further direct and proximate result of the negligence of the defendant, the plaintiff has suffered a substantial loss of self-esteem, loss of trust in authority and a general inability to cope with or manage relationships.

j.      In all likelihood, some or all of the plaintiff's injuries are permanent in nature and will require additional, costly medical care in the future.

3.      Upon information and belief, based upon plaintiff's representations in his Motion to Withdraw Complaint against Defendant William D. Farnam dated August 12, 2014 (Doc. #18), the plaintiff and defendant reached a settlement on or before that date and thereafter terminated the action against former defendant William D. Farnam.

4.      Pursuant to General Statutes § 52-572h(f), the present defendant, Madison Beach Club, Inc., seeks to have the fact finder in this action set forth the percentage of negligence of the settled and released person, William D. Farnam, for causing plaintiff's alleged injuries.

THE DEFENDANT,
THE MADISON BEACH CLUB, INC.

BY MILANO & WANAT LLC


By        /s/ CT 17513
        Gary C. Kaisen, Esquire
        Milano & Wanat LLC
        471 East Main Street
        Branford, Connecticut 06405
        (203) 315-7000 – phone
        (203) 315-7007 – fax
        gkaisen@mwllc.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 17th day of February, 2016, this document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

_____/s/  CT17513_____
Gary C. Kaisen