UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY W. FARNAM : | |
|     PLAINTIFF : | CIVIL NO. |
| : | 3:13-CV -01693 (WWE) |
| v. : | |
| : | |
| WILLIAM FARNAM, : | |
| THE MADISON BEACH CLUB, INC; and : | |
| CARGILL THEATRICAL PRODUCTIONS/ : | |
| CARGILL PRODUCTIONS : | FEBRUARY 22, 2006 |
|     DEFENDANTS : | |

**ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT**
**(DOC. ENTRY #48)**

**ANSWER**

**FIRST COUNT (NEGLIGENCE AS TO MADISON BEACH CLUB)**

    1.    The defendant, Madison Beach Club, Inc., has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 1 of the First Count and therefore leaves the plaintiff to his proof.

    2.    Paragraph 2 of the First Count is admitted.

    3.    Paragraph 3 of the First Count is admitted.

    4.    The defendant, Madison Beach Club, has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 4 of the First Count and therefore leaves the plaintiff to his proof.

5. The defendant, Madison Beach Club, has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 5 of the First Count and therefore leaves the plaintiff to his proof.

6. As pled, the defendant, Madison Beach Club, has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 6 of the First Count and therefore leaves the plaintiff to his proof.

7. As pled, the defendant, Madison Beach Club, has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 7 of the First Count and therefore leaves the plaintiff to his proof.

8. As pled, the defendant, Madison Beach Club, has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 8 of the First Count and therefore leaves the plaintiff to his proof.

9. Paragraph 9 of the First Count is denied.

10. As much of Paragraph 10 of the First Count that alleges negligence is denied. As for the remainder of the allegations in Paragraph 10, the defendant has insufficient knowledge upon which to form a belief as to the truth and therefore leaves the plaintiff to his proof.

11. As much of Paragraph 11 of the First Count that alleges negligence is denied. As for the remainder of the allegations in Paragraph 11, the defendant has insufficient knowledge upon which to form a belief as to the truth and therefore leaves the plaintiff to his proof.

12. As much of Paragraph 12 of the First Count that alleges negligence is denied. As for the remainder of the allegations in Paragraph 12, the defendant has insufficient knowledge upon which to form a belief as to the truth and therefore leaves the plaintiff to his proof.

13. As much of Paragraph 13 of the First Count that alleges negligence is denied. As for the remainder of the allegations in Paragraph 13, the defendant has insufficient knowledge upon which to form a belief as to the truth and therefore leaves the plaintiff to his proof.

14. The defendant, Madison Beach Club, has insufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 14 of the First Count and therefore leaves the plaintiff to his proof.

**SECOND COUNT**

The defendant, Madison Beach Club, does not respond to the Second Count as it is not directed toward it.

**THIRD COUNT**

The defendant, Madison Beach Club, does not respond to the Third Count as it is not directed toward it.

**FOURTH COUNT**

The defendant, Madison Beach Club, does not respond to the Fourth Count as it is not directed toward it.

**FIFTH COUNT**

The defendant, Madison Beach Club, does not respond to the Fifth Count as it is not directed toward it.

**SIXTH COUNT**

The defendant, Madison Beach Club, does not respond to the Sixth Count as it is not directed toward it.

**SEVENTH COUNT**

The defendant, Madison Beach Club, does not respond to the Seventh Count as it is not directed toward it.

**BY WAY OF AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff and his complaint fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff's action is barred by the Connecticut status of limitations, General Statutes § 52-584 and/or General Statutes § 52-577.

**THIRD AFFIRMATIVE DEFENSE**

Application of General Statutes § 52-577d to this action for the alleged acts of molestation while the plaintiff was a minor would violate the constitutional rights of the defendant to substantive due process under Article I, § 8 and § 10 of the Connecticut Constitution.  Since § 52-577d is unconstitutional, as applied to this case, then the plaintiff's action is barred by the Connecticut statute of limitations, § 52-584 and/or § 52-577.

                         THE DEFENDANT,
                         THE MADISON BEACH CLUB, INC.

                         BY MILANO & WANAT LLC

By       /s/ CT 17513_____
           Gary C. Kaisen, Esquire
           Milano & Wanat LLC
           471 East Main Street
           Branford, Connecticut 06405
           (203) 315-7000 – phone
           (203) 315-7007 – fax
           gkaisen@mwllc.com

## **CERTIFICATE OF SERVICE**

This is to certify that on this 22ND day of February, 2016, this document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                         ___/s/ CT 17513_____  
                                         Gary C. Kaisen